UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

                                          Case No. 13-50171

        Plaintiff,

                                          Honorable John Corbett O'Meara

v.

JOANNE McGHEE,

        Defendant.

_____/


### ORDER DENYING DEFENDANT'S OBJECTIONS TO WRITS OF GARNISHMENT

This matter came before the court on defendant Joanne McGhee's objections to writs of garnishment issued by the United States to garnishees Wayne County Employees Retirement System ("WCERS") and the State of Michigan. The government filed responses to the objections; no oral argument was heard.

Garnishee WCERS has informed the government that McGhee is not eligible to receive a pension; therefore, her objections are moot.

As for the writ of garnishment issued to the State of Michigan, defendant McGhee's objections are without merit. Under the Mandatory Victims Restitution Act, the United States is responsible for collecting unpaid restitution for the purpose of making the victim(s) whole. 18 U.S.C. §§ 3612 and 3613. Enforcement remedies are found under the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001, *et seq.* The government is specifically permitted to enforce the criminal order for restitution against all non-exempt property of a defendant. 18 U.S.C. § 3613(a). "In accordance with section 3664(m)(1)(A) of this title, all provisions of this section are available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f).

Defendant McGhee objects to the writ of garnishment because the amount of the debt stated is incorrect.  However, the amount matches that identified in the judgment in Case No. 10-20696. Defendant also contends that the writ of garnishment will be in conflict with the IRS lien on her future State of Michigan tax returns.  If there are prior garnishment or withholding orders in place ahead of this writ, then the State of Michigan will pay the refund amount in the well-established order of priority of "first in time."  28 U.S.C. § 3205(c)(8).  The potential existence of other creditors does not make this garnishment ineffective.

Defendant also argues that future State of Michigan tax refunds will be exempt because they "represent non-disposable earnings and/or will not exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable."  Def's obj. at ¶ 8.  However, once earnings have been withheld and paid to the government, the money changes form and is considered by the IRS to be taxes, rather than earnings, even if later refunded.  See Manchester v. Annis, 232 F.3d 749, 752 (10th Cir. 2000).

Defendant claims that the writ of garnishment is premature because she is currently under a payment obligation and monthly payment schedule through the United States Probation Department. The existence of such a payment plan, though,  does not preclude other forms of enforcement; and in this case Defendant has failed to identify any specific, economic hardship.

Likewise, Defendant's argument that the government failed to make a demand for payment prior to seeking garnishment is without merit.  In United States v. Hammons, 1996 U.S. App. LEXIS 33944 (6th Cir. Dec. 26, 1996), the United States Court of Appeals for the Sixth Circuit found

> There is nothing in this section that requires the United States to wait thirty days after each demand for payment before it can seek a writ of garnishment.  Rather, the statute only requires that the United States wait thirty days following the initial

demand for payment.  The United States clearly satisfied this requirement when it received the consent judgment on August 5, 1985.

Id. at *6-7.

### ORDER

For the reasons set forth above, it is hereby **ORDERED** that defendant Joanne McGhee's objections to the writ of garnishment to garnishee Wayne County Employees Retirement System are **DENIED AS MOOT.**

It is further **ORDERED** that defendant Joanne McGhee's objections to the writ of garnishment to garnishee State of Michigan are **DENIED.**


s/John Corbett O'Meara
United States District Judge


Date:  June 24, 2014



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 24, 2014, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager